Jennifer E. McDonald
DOWNS RACHLIN MARTIN PLLC
199 Main Street, P.O. Box 190
Burlington, Vermont  05402-0190
(802) 846-8349
jmcdonald@drm.com

*Attorneys for Plaintiff*
*Walgreen Eastern Co., Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT
------------------------------------------------------------------X
WALGREEN EASTERN CO., INC.,                     Case No. 2:25-cv-311

                Plaintiff,                       **COMPLAINT**

    v.

263 COURT STREET LLC,

                Defendant.
------------------------------------------------------------------X

       Plaintiff Walgreen Eastern Co., Inc. ("Walgreens"), by its undersigned attorneys, as and for its Complaint (the "Complaint") against defendant 263 Court Street LLC ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

       1.     Walgreens brings this action for a declaratory judgment against Defendant – the landlord of its leased premises at 263 Court Street, Middlebury, Vermont – in order to prevent Defendant from altering the leased premises without its consent and from substantially interfering with its leasehold rights to sole and exclusive possession and peaceful and quiet enjoyment of the leased premises.

## THE PARTIES

2. Plaintiff Walgreen Eastern Co., Inc. is a corporation organized and existing under the laws of New York, with its principal place of business at 108 Wilmot Road, Deerfield, Illinois 60015.

3. Upon information and belief, defendant 263 Court Street LLC is a limited liability company organized and existing under the laws of the State of Vermont, with its principal place of business in Shelburne, Vermont.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff Walgreen Eastern Co., Inc. is a citizen of the States of New York and Illinois. Upon information and belief, Defendant is a citizen of the State of Vermont. Defendant's sole member is Peter Keelan, who is also a citizen of Vermont. Thus, there is complete diversity between Plaintiff and Defendant. The matter in controversy exceeds the sum or value of $75,000.00, excluding interest and costs.

5. Venue is proper within this district pursuant to 28 U.S.C. § 1391(b)(1).

## BACKGROUND

**The Lease**

6. Upon information and belief, in November, 1997, WEC 97K-14 Investment Trust, as landlord, and Rite Aid of Vermont, Inc., as tenant, entered into a Lease Agreement, dated as of November 21, 1997 (the "Lease"), affecting the demised premises located at 263 Court Street, Middlebury, Vermont 05753 (the "Leased Premises"). (A copy of the Lease is annexed hereto as *Exhibit 1*.)

7.  Upon information and belief, in December, 2000, the Lease was assigned by Rite Aid of Vermont, Inc. to Maxi Drug, Inc. d/b/a Brooks Pharmacy, pursuant to an Assignment and Assumption of Lease, dated as of December 5, 2000.

8.  Upon information and belief, in July, 2003, the Lease was assigned by Maxi Drug, Inc. to Maxi Green, Inc., pursuant to the Sublease Assignment & Assumption Agreement, dated as of July 6, 2003.

9.  In January, 2018, the Lease was assigned by Maxi Green, Inc. to Walgreen Co., pursuant to a Subsequent Closing Bill of Sale, Assignment and Assumption Agreement, dated as of January 31, 2018.

10. The Lease was in turn assigned by Walgreen Co. to its subsidiary Walgreen Eastern Co., Inc.

11. Upon information and belief, in or about July, 2020, Defendant purchased the property at 263 Court Street and became the landlord of the Leased Premises.

**The Pertinent Provisions of the Lease**

12. Pursuant to the Lease, Defendant granted to Walgreens the sole and exclusive possession of the Leased Premises. Section 1 of the Lease provides:

> Landlord hereby demises and lets to Tenant and Tenant hereby takes and leases from Landlord for the term and upon the provisions hereinafter specified the following described property ("Leased Premises"): (i) the lot or parcel of land described in Exhibit "A" attached hereto and made a part hereof, together with the easements, rights and appurtenances thereunto belonging or appertaining ("Land"); (ii) the buildings, structures and other improvements on the Land (collectively, the "Improvements"); and (iii) the machinery and equipment which is attached to the Improvements in such a manner as to become fixtures under applicable law, together with all additions and accessions thereto, substitutions therefor and replacements thereof permitted by this Lease (collectively, the "Equipment"), excepting therefrom the Trade Fixtures.

3

13. Walgreens also has the leasehold right to peaceful and quiet occupation and enjoyment of the Leased Premises. Section 4(c) of the Lease provides: "Subject to all of the provisions of this Lease, so long as no Event of Default exists hereunder, Landlord covenants to do no act to disturb the peaceful and quiet occupation and enjoyment of the Leased Premises by Tenant."

**Defendant's Site Plan**

14. In June, 2023, Defendant notified Walgreens of its plan to develop a new Starbucks store at 231 Court Street on the adjacent lot next to Walgreens' Leased Premises. (A copy of Defendant's June 27, 2023 letter to its counsel (with the attachments) is annexed hereto as *Exhibit 2*.)

15. In that letter, Defendant acknowledged that "[u]nder our Lease with Walgreens, we would need [Walgreens'] consent to share the curb cut as shown on the attached site concept Starbucks site plan."

16. Upon information and belief, during the following nearly two years, Defendant worked on its Starbucks site plan (the "Site Plan"), based on the "concept Starbucks site plan," with an engineering firm and representatives of Starbucks Coffee Company.

17. Despite acknowledging that Walgreens' consent would be required, Defendant did not consult with Walgreens concerning the Site Plan at any time during those two years.

18. Upon information and belief, sometime in 2024, unbeknownst to Walgreens, Defendant finalized the Site Plan and submitted it to the Town of Middlebury, Vermont for its approval.

19. Despite the fact that Defendant's Site Plan, if implemented, would alter the Leased Premises and adversely affect Walgreens' leasehold rights under the Lease, Defendant

4

did not consult with Walgreens prior to submitting the Site Plan to the Town of Middlebury for approval. Nor did Defendant seek or obtain Walgreens' consent for the Site Plan.

20. Upon information and belief, sometime after Defendant submitted the Site Plan, the Town of Middlebury approved the Site Plan.

21. Despite the fact that Defendant's Site Plan, if implemented, would alter the Leased Premises and adversely affect Walgreens' leasehold rights under the Lease, the Town of Middlebury did not consult with Walgreens prior to approving the Site Plan.

22. The Site Plan would eliminate the existing full-access driveway for the adjacent lot at 231 Court Street and create a new cross-access entrance to the planned Starbucks café through Walgreens' existing driveway at 263 Court Street, which is the sole entrance and exit for Walgreens' customers. Under the Lease, Walgreens has the sole and exclusive right to the existing driveway, which is part of the Leased Premises.

23. The Site Plan would also diminish the value and use of approximately 20 parking spaces and eliminate three additional parking spaces in the Leased Premises. Under the Lease, Walgreens has the sole and exclusive right to all of the existing parking spaces, which are part of the Leased Premises and used by Walgreens' customers and employees.

**Defendant's Demands to Walgreens**

24. On January 10, 2025, Defendant, through counsel, sent a demand letter to Walgreens concerning the Site Plan. (A copy of Defendant's counsel's January 10, 2025 letter, (with the attachments) is annexed hereto as *Exhibit 3*.) In the letter, Defendant, through counsel, demanded that Walgreens review the letter and the two attachments and "confirm in writing within thirty (30) days from the date of this letter, but in no event later than **Monday, February**

5

**10, 2025**, that [Walgreens] will cooperate with Landlord throughout the Starbucks development process and consents to same."

25. In the letter, Defendant, through counsel, also stated that "[c]onstruction will commence in 2025 and continue until completed" and that Defendant "is prepared to exercise any and all available rights and remedies, including legal action to obtain court approval" for the Site Plan.

**Walgreens' Response and the Groncki Report**

26. On February 6, 2025, Walgreens, through counsel, provided Defendant with a copy of the January 28, 2025 report prepared by Jeff Groncki, Walgreens' Director of Engineering, concerning Defendant's Site Plan (the "Groncki Report"). (A copy of the Groncki Report is annexed hereto as *Exhibit 4*.)

27. On February 7, 2025, Walgreens, through counsel, informed Defendant that it could not consent to the Site Plan for the reasons stated in the Groncki Report. Walgreens asked Defendant to review the Groncki Report with Defendant's engineers and address the issues and concerns detailed in the Groncki Report.

28. As detailed in the Groncki Report, those issues and concerns were as follows:

    Safety and Increased Liability:
- Pedestrian access:
  - The added traffic created by this cross-access request will make the pedestrian walkway (below image) from Walgreens to the Court St sidewalk unsafe. This unsafe condition creates undue risk to liability due to the potential of accidents or damages within Walgreens leasehold.



- o The proposed addition of an east-west crosswalk between Walgreens and Starbucks impedes the ability of cars to properly queue for exiting the Walgreens leasehold.
- <u>Uncontrolled and Increased Vehicular Access</u>:
- o Starbucks plan to accommodate up to 30 vehicles (Mance Engineering 12/6/24 letter) with an estimated average visit time of 10 minutes suggests that the increase in traffic through this area will create a significant impact regardless of time of day or peak conditions.
- o Higher volume of vehicular traffic entering and exiting from the Court St signal through the proposed cross-access, diminishes the ability of Walgreens customers/patients to access to the signal at Court St. The increase in traffic volume is likely to lead to cars stacking within Walgreens parking lot creating an undue hazard and potentially blocking the entrance/exit at the signal, leading to an increased risk of accidents and associated liability.
- o Higher volume of cross-vehicular traffic entering the northbound driveway in front of the Marriott Courtyard hotel (referenced in the Mance Engineering 12/6/24 letter) to enter Starbucks creates an undue risk by turning Walgreens parking lot into an unrestricted drive lane and liability associated with risks of car accidents within Walgreens leasehold. It is our experience that Starbucks customers will inherently enter the Marriott northbound driveway to avoid waiting at the stop light to enter Starbucks at the signal. In these circumstances, Starbucks customers may travel at unsafe speeds as they drive through our parking lot, creating an undue risk for accidents and associated liabilities.
- o The newly proposed thru traffic will also create hazards for Walgreens customers/patients (including elderly and children) walking across the drive lane from parking spaces located closest to Court St.
    <u>Parking:</u>
- In addition to the safety/liability issues identified above, the increase in traffic associated with cross-access associated with the Starbucks development will diminish the value and use of approximately 20 parking spaces (>40% of available parking) along the cross-access drive. The increased traffic will deter our customers/patients from using the parking spaces shown below due to the risk of backing out into uncontrolled, newly proposed thru traffic.



- The proposed plan removes three primary parking spaces that are approximately 60 ft from the Walgreens store apron and replacing them with 3 designated spots in the Starbucks parking lot that are approximately 160 ft from our store apron. Considering customers would need to enter the proposed Starbucks property to even be aware of the allocated parking spots, we do not agree that this adequately preserves Walgreens parking.



29. To date, Defendant has failed to address any of the issues or concerns detailed in the Groncki Report. Nor has Defendant revised the Site Plan to address any of those issues or concerns.

30. Despite previously acknowledging that Walgreens' consent would be required for the implementation of the Site Plan, after Walgreens notified Defendant that it could not consent for the reasons stated in the Groncki Report, Defendant has notified Walgreens that it intends to proceed with the Site Plan nonetheless.

## **FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment)**

31. Walgreens repeats and re-alleges the allegations in paragraphs 1 through 30 of the Complaint with the same force and effect as if fully set forth herein.

32. There exists a justiciable controversy between Walgreens and Defendant, and Walgreens has an interest in this action.

33. Defendant's Site Plan, if implemented, would alter the Leased Premises.

34. Defendant has no right to alter the Leased Premises without Walgreens' consent.

35. Walgreens has a leasehold right to sole and exclusive possession of the Leased Premises.

36. Defendant's Site Plan, if implemented, would substantially interfere with Walgreens' leasehold right to sole and exclusive possession of the Leased Premises.

37. Walgreens also has a leasehold right to peaceful and quiet enjoyment of the Leased Premises.

38. Defendant's Site Plan, if implemented, would substantially interfere with Walgreens' leasehold right to peaceful and quiet enjoyment of the Leased Premises.

39. Accordingly, pursuant to 28 U.S.C. § 2201, Walgreens seeks a judicial declaration, declaring: (a) that Defendant has no right to alter the Leased Premises without Walgreens' consent; (b) that the Site Plan, if implemented, would alter the Leased Premises; (c) that Walgreens has a leasehold right to sole and exclusive possession of the Leased Premises; (d) that the Site Plan, if implemented, would substantially interfere with Walgreens' leasehold right to sole and exclusive possession of the Leased Premises; (e) that Walgreens has a leasehold right to peaceful and quiet enjoyment of the Leased Premises; and (d) that the Site Plan, if implemented, would substantially interfere with Walgreens' leasehold right to peaceful and quiet enjoyment of the Leased Premises.

## SECOND CLAIM FOR RELIEF
**(Anticipatory Breach of the Lease – Alteration of the Leased Premises)**

40. Walgreens repeats and re-alleges the allegations in paragraphs 1 through 39 of the Complaint with the same force and effect as if fully set forth herein.

41. A valid and enforceable contract exists between the parties. Defendant is the landlord and Walgreens is the tenant under the Lease affecting the Leased Premises.

42. Despite previously acknowledging that Walgreens' consent would be required for the implementation of the Site Plan, after Walgreens notified Defendant that it could not consent for the reasons stated in the Groncki Report, Defendant has notified Walgreens that it intends to proceed with the Site Plan nonetheless.

43. Defendant's Site Plan, if implemented, would alter the Leased Premises.

44. An alteration of the Leased Premises by Defendant without Walgreens' consent would constitute a material breach of the Lease by Defendant.

45. Accordingly, Walgreens seeks a judicial declaration that Defendant has anticipatorily breached the Lease by notifying Walgreens of its intention to proceed with the

Site Plan without Walgreens' consent despite the fact that the Site Plan, if implemented, would alter the Leased Premises.

## THIRD CLAIM FOR RELIEF
**(Anticipatory Breach of the Lease – Interference with Sole and Exclusive Possession)**

46. Walgreens repeats and re-alleges the allegations in paragraphs 1 through 45 of the Complaint with the same force and effect as if fully set forth herein.

47. A valid and enforceable contract exists between the parties. Defendant is the landlord and Walgreens is the tenant under the Lease affecting the Leased Premises.

48. Walgreens has a leasehold right to sole and exclusive possession of the Leased Premises.

49. Despite previously acknowledging that Walgreens' consent would be required, after Walgreens notified Defendant that it could not consent to the Site Plan for the reasons stated in the Groncki Report, Defendant has notified Walgreens that it intends to proceed with the Site Plan nonetheless.

50. Defendant's Site Plan, if implemented, would substantially interfere with Walgreens' leasehold right to sole and exclusive possession of the Leased Premises.

51. Defendant's substantial interference with Walgreens' leasehold right to sole and exclusive possession of the Leased Premises would constitute a material breach of the Lease.

52. Accordingly, Walgreens seeks a judicial declaration that Defendant has anticipatorily breached the Lease by notifying Walgreens of its intention to proceed with the Site Plan without Walgreens' consent despite the fact that the Site Plan, if implemented, would substantially interfere with Walgreens' leasehold right to sole and exclusive possession of the Leased Premises.

11

## **FOURTH CLAIM FOR RELIEF**
### (Anticipatory Breach of the Lease – Interference
### with the Covenant of Peaceful and Quiet Enjoyment)

53. Walgreens repeats and re-alleges the allegations in paragraphs 1 through 52 of the Complaint with the same force and effect as if fully set forth herein.

54. A valid and enforceable contract exists between the parties. Defendant is the landlord and Walgreens is the tenant under the Lease affecting the Leased Premises.

55. Walgreens has a leasehold right to peaceful and quiet enjoyment of the Leased Premises.

56. Despite previously acknowledging that Walgreens' consent would be required, after Walgreens notified Defendant that it could not consent to the Site Plan for the reasons stated in the Groncki Report, Defendant has notified Walgreens that it intends to proceed with the Site Plan nonetheless.

57. Defendant's Site Plan, if implemented, would substantially interfere with Walgreens' leasehold right to peaceful and quiet enjoyment of the Leased Premises.

58. Defendant's substantial interference with Walgreens' leasehold right to peaceful and quiet enjoyment of the Leased Premises would constitute a material breach of the Lease.

59. Accordingly, Walgreens seeks a judicial declaration that Defendant has anticipatorily breached the Lease by notifying Walgreens of its intention to proceed with the Site Plan without Walgreens' consent despite the fact that the Site Plan, if implemented, would substantially interfere with Walgreens' leasehold right to peaceful and quiet enjoyment of the Leased Premises.

WHEREFORE, plaintiff Walgreens prays for judgment:

    a.    On its First Claim for Relief, a judicial declaration pursuant to 28 U.S.C. § 2201:

        (1)    That Defendant has no right to alter the Leased Premises without Walgreens' consent;

        (2)    That the Site Plan, if implemented, would alter the Leased Premises;

        (3)    That Walgreens has a leasehold right to sole and exclusive possession of the Leased Premises;

        (4)    That the Site Plan, if implemented, would substantially interfere with Walgreens' leasehold right to sole and exclusive possession of the Leased Premises;

        (5)    That Walgreens has a leasehold right to peaceful and quiet enjoyment of the Leased Premises; and

        (6)    That the Site Plan, if implemented, would substantially interfere with Walgreens' leasehold right to peaceful and quiet enjoyment of the Leased Premises.

    b.    On its Second Claim for Relief, a judicial declaration that Defendant has anticipatorily breached the Lease by notifying Walgreens of its intention to proceed with the Site Plan without Walgreens' consent despite the fact that the Site Plan, if implemented, would alter the Leased Premises.

    c.    On its Third Claim for Relief, a judicial declaration that Defendant has anticipatorily breached the Lease by notifying Walgreens of its intention to proceed with the Site Plan without Walgreens' consent despite the fact that the Site Plan, if implemented, would substantially interfere with Walgreens' leasehold right to sole and exclusive possession of the Leased Premises.

  d.  On its Fourth Claim for Relief, a judicial declaration that Defendant has anticipatorily breached the Lease by notifying Walgreens of its intention to proceed with the Site Plan without Walgreens' consent despite the fact that the Site Plan, if implemented, would substantially interfere with Walgreens' leasehold right to peaceful and quiet enjoyment of the Leased Premises.

  e.  Awarding such other and further relief as the Court deems just and proper.

Dated: March 13, 2025

             DOWNS RACHLIN MARTIN PLLC

             By: /s/ Jennifer McDonald
                 Jennifer E. McDonald

             199 Main Street, P.O. Box 190
             Burlington, Vermont 05402-0190
             (802) 846-8349

             *Attorneys for Plaintiff*
             *Walgreen Eastern Co., Inc.*

23415024.1